UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 29, 2019

LETTER TO COUNSEL

     RE:   *Marion J. v. Commissioner, Social Security Administration*;
             Civil No. SAG-18-2407

Dear Counsel:

     On July 6, 2018, Plaintiff Marion J. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for Disability Insurance Benefits. ECF 1. I have considered the parties' cross-motions for summary judgment, and Plaintiff's reply. ECF 14, 16, 17. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

     After a prior denial of benefits, Plaintiff filed the instant claim for benefits on June 15, 2015, alleging an onset date of June 1, 2008. Tr. 151-55. His claim was denied initially and on reconsideration. Tr. 121-24, 128-29. A hearing was held on August 30, 2017, before an Administrative Law Judge ("ALJ"). Tr. 71-104. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 22-33. The Appeals Council declined review, Tr. 6-11, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

     Because Plaintiff's date last insured was December 31, 2008, he had to establish a disability onset on or before that date, leaving him a seven-month window from his alleged onset date within which to prove disability. Tr. 24. The ALJ found that, during the relevant time frame, Plaintiff suffered from the severe impairment of "degenerative joint disease of the right knee and right shoulder, by history." Tr. 25. Despite this impairment, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b), except the claimant could only occasionally stoop and squat but never crawl or climb. He could not perform any work overhead. In addition, he was limited to performing simple, repetitive, non-production job tasks.

Tr. 27. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform his past relevant work, but could perform other jobs existing in

significant numbers in the national economy. Tr. 31-33. Therefore, the ALJ concluded that Plaintiff was not disabled during the relevant time frame. Tr. 33.

Plaintiff raises one primary argument on appeal: that the ALJ's step five conclusion was not supported by substantial evidence because the hypothetical posed to the VE was flawed. I agree with Plaintiff's argument, and I therefore grant remand under sentence four. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

Plaintiff cites the recent opinion of the Fourth Circuit in *Thomas v. Berryhill*, 916 F.3d 307 (4th Cir. 2019), for the proposition that remand is warranted where a limitation proposed by the ALJ in his hypothetical limitation is not defined by common meaning, regulation, or the DOT. ECF 14-1 at 11. In *Thomas*, the Fourth Circuit held that the ALJ's failure to define "production rate or demand pace" was fatal to the RFC assessment, because the lack of clarity frustrated appellate review. 916 F.3d at 312; *see also Perry v. Berryhill*, No. 18-1076, ___ F. App'x ___, 2019 U.S. App. LEXIS 6969 (4th Cir. Mar. 8, 2019) (unpublished) (remanding for ALJ's failure to define "non-production oriented work setting"). In this case, Plaintiff presents the argument as a flaw in the hypothetical presented to the VE instead of a flaw in the RFC assessment, although the deficient RFC assessment would also infect the hypothetical based on that assessment. Plaintiff is correct that the ALJ presented the VE with a hypothetical including "non-production job tasks," with no further definition of that term. Tr. 101. The term "non-production job tasks" appears to be analogous to the term deemed problematic in *Thomas*.[1] Therefore, remand is warranted to allow the ALJ to clarify the RFC assessment and hypothetical to the VE, in order to establish that the VE's testimony constitutes substantial evidence supporting the ALJ's conclusion.

The SSA argues that this Court has previously held that a similar RFC limitation was subject to a common understanding, or, alternatively, that the ALJ's failure to define the limitation was harmless error. ECF 16-1 at 6, 7. In *Crocetti v. Commissioner, Social Security Administration*, Civil No. SAG-17-1122, 2018 U.S. Dist. LEXIS 95697 (D. Md. June 6, 2018), this Court did uphold a similar RFC provision. Critically, however, *Crocetti* noted that, "[n]o precedent, binding or otherwise, requires an additional definition to be presented in order for a hypothetical containing the phrase 'production rate pace' to be understandable to a VE." *Id.* at *5. That position cannot be maintained in the wake of *Thomas*. Given the Fourth Circuit's understanding of the phrases "production rate" or "demand pace" in *Thomas*, 916 F.3d at 312, or lack thereof, this Court cannot adequately say whether the ALJ's inclusion of "non-production job tasks" in the RFC limitation was harmless.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 14, is DENIED and Defendant's Motion for Summary Judgment, ECF 16, is DENIED. Pursuant to

---

[1] The Court notes the RFC limitation in this case may actually be more ambiguous than that in *Thomas*. In *Thomas*, the RFC provision restricting the claimant from "production rate or demand pace" jobs was clearly intended to impose a limitation on the pace or rate of work. Here, "non-production job tasks" could just as well refer to the type of work, rather than the pace. Without any explanation from the ALJ, the Court is unable to understand the purpose and assess the sufficiency of the RFC limitation.

sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order will issue.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge